## Edgars v. Commonwealth.

(Decided October 6, 1922.)

### Appeal from Mason Circuit Court.

1. Criminal Law—Instructions.—The instructions given in a criminal proceeding should be confined as nearly as possible to the essential facts necessary to make out the charge or defense, and this applies to the theory of the defense, if supported by credible evidence, as well as to the theory of the prosecution, and, in a case where the plea is allowed, includes the law of self-defense.

2. Criminal Law—Instructions—Self-Defense.—Held under the evidence in this case that it was the duty of the trial court to give an instruction on the law of self-defense.

J. M. COLLINS for appellant.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, and B S. GRANNIS, Commonwealth's Attorney, for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Reversing.

William Edgars was convicted in the Mason circuit court of assault and battery committed on John Hornback, a former policeman of the city of Maysville. He was adjudged to pay a fine of four hundred dollars. Appealing from that judgment he insists that the court erred in not instructing the jury on the whole law of the case, in that it failed to give an instruction on the law of self-defense.

The uncontradicted proof shows that appellant is vigorous and young, and that John Hornback is an elderly

man, who possesses little physical strength. The injuries received by Hornback were slight, and the fine might be deemed excessive except for the fact that, according to the weight of the evidence, there was not the slightest justification or excuse for the assault. On the latter point, however, appellant and a companion who was with him testified, and their evidence tended to prove a state of facts, which, if believed by the jury, would have warranted a verdict of acquittal. Appellant said that he had received information that Hornback had endeavored to procure an indictment against him for selling poison whiskey, and causing the death of one John Paul, and that he and Rowland, the witness who testified for him, were walking down the street, going to the meat market, and as they went across the corner of Market street to a drug store he saw Mr. Hornback, and said to him, "Mr. Hornback, why did you try to indict me on account of John Paul, you are doing me wrong;" that Hornback then put his hand in his pocket and started toward the accused, who was very close to Hornback, and the accused said that he then, with his open hand, struck and shoved Hornback away; that he (witness) did not strike Hornback but shoved him away, and he did it because Hornback was bringing his hand out of his pocket with his knife, and he (accused) was afraid Hornback was going to cut him; also, that when he spoke to Hornback he had no idea of having a difficulty, but when Hornback put "his hand in his pocket and started toward me I warded him off with my hand." In these statements he is partially supported by the witness Rowland. In view of this testimony it was for the jury to determine whether or not the striking of Hornback was done in self-defense.

It is the duty of the court in criminal prosecutions to present to the jury, in proper instructions, the defendant's side of the case if there is evidence to support it, and this includes the theory of self-defense in crimes where it is allowed. It is allowable in cases of assault and battery. The rule is that the instructions should be confined as nearly as possible to the essential facts necessary to make out the charge or defense, leaving the evidence to the jury to be determined under the instructions given. This rule is elementary, and applies to the theory of the defense, if supported by evidence, as well as to the theory of the prosecution. Roberson's Criminal Law, vol. 2, page 1103; Trimble v. Commonwealth, 78 Ky. 176;

Heilman v. Commonwealth, 84 Ky. 457; Bowlin v. Commonwealth, 195 Ky. 600.

As we have stated, the weight of the evidence plainly shows that the assault was wholly without justification, but there was some evidence tending to show that the striking was done in self-defense, and in view of that fact there is no escape from the conclusion that appellant was entitled to an instruction on that theory of the case.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.