**Raymond EVANS, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 4, 1960.

Frank E. Haddad, Jr., Louisville, for appellant.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

MILLIKEN, Judge.

The appellant, Dr. Raymond Evans, a retired surgeon, was convicted of assault and battery, fined $1,000 and sentenced to thirty days in jail. The doctor admitted the altercation, but said he did what he did in self-defense after receiving a few sharp blows across the back from the pointed heel of an angry woman's shoe. The woman involved had called at the doctor's home to pick up the doctor's wife who had arranged to go with her to Norton Infirmary that evening. The doctor opposed the trip.

 No self-defense instruction was given apparently on the theory that the doctor's "not guilty" plea was equivalent to a denial of the charge, not a plea of confession and avoidance, and hence did not justify an affirmative instruction on self-defense. Morgan v. Commonwealth, 242 Ky. 116, 45 S.W.2d 850; Parsley v. Commonwealth, Ky., 321 S.W.2d 259. Our review of the evidence concerning this regrettable affair leaves us with the impression that the gist of the doctor's testimony admitted the trouble with the prosecuting witness, but attempted to excuse his part in it by asserting he had to lay his hands on the lady in order to hold her and prevent further blows from her shoe. Whatever the truth may be, which is a matter for a jury to decide, the doctor is entitled to an instruction covering the theory of his defense, and self-defense is the only defense he really pleads. Edgars v. Commonwealth, 195 Ky. 827, 243 S.W. 1023.

In the event of a retrial of the case, that part of the hospital record which expresses an opinion about the cause of the altercation should be excluded from the evidence, and only that part of the record should be admitted which details the injuries received by the prosecuting witness and her condition upon entry into the hospital.

The judgment is reversed for proceedings consistent herewith.