**Hoy JASPER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 24, 1971.

W. C. Dabney, Bruce H. Phillips, Monticello, for appellant.

John B. Breckinridge, Atty. Gen., Mark F. Armstrong, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

The only question presented upon this appeal is whether certain admissions made to police officers after appellant's arrest were freely and voluntarily given by the accused and whether his waiver of his right to have counsel present was intelligently and voluntarily made. The facts of the situation are as follows:

On December 1, 1969, appellant Hoy Jasper, along with his brother Boyd Jasper and Larry Lewis, was indicted by the Wayne County Grand Jury and charged with grand larceny of a 1966 Pontiac automobile belonging to Michael Gregory. Appellant was convicted of these charges and sentenced to four years in the state penitentiary. He now contends that on the occasion of his arrest in August 1969 he was taken to the jail in Pulaski County and there interrogated without the presence of counsel and that certain admissions made at that time were wrongfully permitted to be introduced in evidence against him. The interrogation is alleged to have been conducted by Samuel E. King, a detective for the Kentucky State Police, in the presence of John Henry Johnson, a deputy sheriff of Pulaski County, and Dee Haste, a patrolman on the Somerset city police force.

At the commencement of the trial counsel for appellant moved to suppress evidence of the admissions and requested a hearing out of the presence of the jury. The trial court granted this request and conducted a hearing for the purpose of determining the admissibility of the questioned evidence. We believe this procedure proper and it is not questioned. See Bradley v. Commonwealth, Ky., 439 S.W. 2d 61, p. 64. At the hearing the arresting officer testified that prior to any questioning he advised the accused that he did not have to make a statement and that any statement he made could be used against him in court. Also, he had a right to counsel and if he could not afford it counsel would be furnished for him.

The officer further testified that he believed the accused understood the statement and that at no time did the accused request counsel or indicate in any way that he desired counsel present. All statements made by him at this time were freely and voluntarily given. He further testified that there was a telephone available to the accused but that he in no way indicated

that he desired to use it; that the accused is an adult under Kentucky law, being 19 years of age; that he had previously been convicted of a felony and served time in the Kentucky State Reformatory and was, at the time the present offense was alleged to have been committed, on parole.

Appellant himself does not deny that he made the confessions to the officers. He does on this appeal deny that they were true and now asserts that he made them in order to cover up for his brother, whom he then thought might be guilty.

■ The other officers who were present at the examination testified upon this hearing. Their testimony substantiates that of the state detective. The appellant was permitted to call witnesses and did so. There is some conflict between the testimony offered by the defense and that offered by the prosecution. At the conclusion of this hearing the trial court determined that appellant was fully advised of his rights and that all of his constitutional rights were complied with. It seems to be appellant's contention that, conceding the testimony of the police officers to be true, his rights under Section 11 of the Kentucky Constitution were violated and that the procedure followed by the officers did not meet the requirement of KRS 422.110. In support of this contention, he cites the fact that he was only 19 years of age and did not have his parents or any friends present at the interrogation. In the course of the trial, appellant and his mother testified concerning the interrogation made by the officers in the presence of the jury. At this point in the trial, the Commonwealth did not rebut the testimony. Appellant now latches onto this fact contending that this is unimpeached testimony and, therefore, conclusively establishes the facts to which they testified. We do not believe

this to be the case. The question of the admissibility of the confession was determined by the court in an out-of-presence-of-the-jury hearing. Once the court determined this question it was settled as a matter of law insofar as the admissibility of this evidence is concerned.[1]

■ In answer to appellant's contentions, Section 11 of the Constitution merely provides that an accused cannot be compelled to give evidence against himself. We find nothing in this record to indicate that appellant was compelled to give any evidence. Under the authority of Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, an accused must be informed of his right to counsel and his right to remain silent once the investigation has focused on him. The testimony here by the police officers was clear and unequivocal that appellant was given this information. The trial court found this fact to be true and with that finding we are bound.

Appellant now contends that he made the statements because he feared for the welfare of his brother and asserts that the officers were in some way responsible for this. The record indicates that it was appellant himself who brought up the question of his brother's involvement in the offense. It could well have been determined by the trial court that appellant confessed not because of any outside inducement offered him but from his own desire to help his brother. Be all that as it may, his confession was voluntarily given and the court is under no obligation to search his subconscious mind and determine what his reasons were.

Judgment affirmed.

All concur.

---

1. There was no request by defendant for an admonition to the jury or an instruction concerning the voluntariness of the confession, both of which would have been proper had they been requested. See Bradley v. Commonwealth (supra).