**Wendell Glen WILSON, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 3, 1971.

Rehearing Denied March 17, 1972.

Harold D. Ricketts, Harlin, Parker, Ricketts, Lucas & English, Bowling Green, for appellant.

John B. Breckinridge, Atty. Gen., Douglas E. Johnson, Sp. Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

The appellant was convicted of the offense of grand larceny for automobile theft. KRS 433.220. The indictment charged two previous convictions of felony and appellant was sentenced to confinement for life as an habitual criminal. KRS 431.190.

A reversal of the judgment is now sought on the following grounds: (1) Appellant was not given the "Miranda warnings" at the time of his arrest; (2) an alleged out-of-court confession was not sufficiently corroborated; (3) proof of the two prior convictions constituted prejudicial error; (4) incompetent evidence was erroneously admitted and (5) the Commonwealth failed to prove two valid prior convictions.

■ The appellant was arrested on March 28, 1970. Before he was interrogated by police officers on March 29, 1970, he was given the so-called "Miranda warnings." No such warnings were given immediately after his arrest. Police officers testified that appellant orally confessed to the crime, giving details thereof, during in-

terrogation but refused to sign a written confession. Appellant denied giving any confession and denied his guilt.

Before any testimony of the alleged confession was permitted, the trial judge conducted a hearing out of the presence of the jury to determine the voluntariness of the confession. Evidence at this hearing showed that appellant was fully advised of his constitutional rights before interrogation and before the alleged confession. The trial court permitted the confession to be introduced in evidence. This was not erroneous. Jasper v. Commonwealth, Ky., 471 S.W.2d 7 (1971).

No evidence was used against this appellant which was obtained by questioning him before he was advised of his constitutional rights. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), requires only that advice of constitutional rights be given *prior to any questioning*. (Emphasis ours). In Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), it was held that a defendant is entitled to be advised of his constitutional rights once the investigation has begun to focus upon him and that evidence obtained prior to the advice of constitutional rights is inadmissible.

*Escobedo* established a point in time when a warning of constitutional rights must be given. Evidence obtained by interrogation in the absence of those warnings after the point in time fixed by Escobedo is not admissible but the failure to give the warnings does not operate to exonerate the accused.

■ The appellant contends that his confession was not sufficiently corroborated to sustain the conviction. RCr 9.60 provides:

*"Corroboration of Confession.* A confession of a defendant, unless made in open court, will not warrant a conviction unless accompanied with other proof that such an offense was committed."

The only corroboration required for a confession not made in open court is proof, independent of the confession, that the offense was actually committed. Once the commission of the offense is established, the confession alone is sufficient proof that the confessor committed the crime. Caldwell v. Commonwealth, Ky., 351 S.W.2d 867 (1961). There is no dispute in this case but that the commission of the offense was sufficiently established.

■ The appellant next contends that trial procedure in Kentucky in habitual criminal cases deprives a defendant of due process in that the jury whose function is to determine guilt or innocence is allowed to consider the evidence of prior felony convictions. This argument has been repeatedly advanced by those convicted as habitual criminals and has been repeatedly rejected by this court. The issue is controlled by our decisions in Thomas v. Commonwealth, Ky., 437 S.W.2d 512 (1968); Ingram v. Commonwealth, Ky., 427 S.W.2d 815 (1968); Wilson v. Commonwealth, Ky., 403 S.W.2d 705 (1966) and Jones v. Commonwealth, Ky., 401 S.W.2d 68 (1966).

■ Appellant further claims that one of the two previous convictions charged and proved against him was void because his counsel was not present at the time sentence was pronounced. Appellant argues that a void sentence cannot be used as a basis for increased punishment under KRS 431.190.

In Winn v. Commonwealth, Ky., 303 S.W.2d 275 (1957), we held that KRS 431.190 deals with *convictions* of second and third offenses and not with whether sentences imposed thereon are served, suspended or probated. Absence of counsel at sentencing does not invalidate the conviction. Sentencing is not a critical stage in a criminal proceeding in Kentucky. Thomas v. Commonwealth, Ky., 437 S.W.2d 512 (1968).

■ Appellant's final contention is that he was prejudiced by the admission of incompetent evidence. A brief recitation of

the evidence is necessary for the review of this point.

Police officers in Bowling Green, Kentucky, were alerted when two run-away-teen-age girls informed the officers that they had travelled from Louisville, Kentucky, to Bowling Green in the company of two men in a Volkswagen automobile. The girls furnished the officers with the names of the men and told them where the automobile could be found. The automobile was recovered and investigation established that it was stolen.

The appellant and a codefendant, Danny McConley, were arrested. McConley confessed and was sentenced to five years' imprisonment. McConley's confession named the appellant as a participant in the car theft and at the trial McConley testified that he and the appellant stole the automobile and transported the two girls from Louisville to Bowling Green. On cross-examination, McConley repudiated the confession and also repudiated his testimony on direct examination to the effect that appellant participated in the theft. On this cross-examination he testified that he alone stole the automobile and that appellant and the two girls did not know it was stolen.

At the trial the appellant admitted riding from Louisville to Bowling Green with McConley in the Volkswagen but denied any participation in the theft and denied the two girls made the trip from Louisville to Bowling Green with appellant and McConley.

The Commonwealth's Attorney examined officer John Hays concerning the information he obtained from the two girls as follows:

"A. We took them into custody, and I took them to the police station and admonished them of their rights, and they gave information  *  *  *

"MR. RICKETTS: (Interrupting) Now Judge, I object. Unless the witnesses are here, this is not proper.

"MR. HUDDLESTON: Your Honor, we are not going to try to introduce their statements at all.

"MR. RICKETTS: I object to him testifying that he has statements, if he has them.

"THE COURT: Overruled and go ahead.

"A. (cont'd) From the information the girls gave me, and they gave written signed statements also, I was able to recover a stolen car which was abandoned in this town and information which I derived from them implicating two men.

"MR. RICKETTS: Now Judge, that's hearsay testimony. That's giving a consensus of what these girls said or may have said, and I object.

"THE COURT: You are going to have to be awful careful on that.

"11. Detective Hays, did you recover an automobile after your interrogation of these two girls?

"A. Yes sir. It was parked at Second and Chestnut Street, I believe it was. It was exactly where they said it was.

"12. Now I will ask you to examine the Photograph marked Commonwealth Exhibit No. 2 and ask if you recognize the automobile displayed on the four photographs here?

"A. Yes sir. This is the car that we recovered.

"13. And who took those photographs?

"A. I took those photographs.

"14. Where in Bowling Green did you recover the car or did you recover it in Bowling Green?

"A. It was at the intersection of Second and Chestnut Street, I believe. It might have been Second and Park Streets.

"15. Now did you make any further investigation after recovering the automobile?

"A. Yes sir, we did. After the girls gave us the information * * *"

The two girls were not present at the trial. The testimony that the girls implicated two men was hearsay and it was erroneously admitted over appellant's objection. Whether the admission of this testimony was prejudicial error is the question to be decided. In ruling upon the objection to the testimony the trial court said:

"I don't think there has been enough evidence introduced as to the statements or information given to the detective to implicate this man in the taking of the car up until this time, but I caution you and advise you now that you've got to be very, very careful about your procedure along that matter."

There was no further reference to the subject and subsequent testimony in the case made it plain that the two girls were not present when the automobile was stolen. The testimony of the officer concerning the information given him by the girls did not reveal the identity of the two men implicated by them nor does it reveal specifically what the implication was. Nothing in this testimony compels the conclusion that appellant was implicated in the actual theft of the automobile.

We do not seriously doubt that the jury, in all likelihood, drew the conclusion that the two men referred to were the appellant and McConley. But the statement that they were implicated is a conclusion of the officer and it is far from an assertion that the two girls informed the officer that the two men participated in the theft of the automobile. When viewed in the light of the other evidence in the case which indicated that the two girls were not present when the theft was committed and did not know who actually committed the theft, the effect of the testimony is softened and this court is convinced that the appellant was not prejudiced by the testimony complained of.

The judgment is affirmed.

All concur.