**Lawrence PRICE, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 17, 1971.

Emby A. McKeehan, Williamsburg, for appellant.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Judge.

Johnny Wilson, Danny Veach and appellant Lawrence Price were jointly indicted, tried by a jury and convicted for dwelling house breaking. KRS 433.180. Only Price appeals, arguing that the court erred in admitting testimony concerning a con-fession by one of the co-defendants and that he should have been granted a directed verdict because of insufficient evidence. We reverse.

In November 1970, the residence of Curtis Ball was burglarized and guns and a coin collection were taken. The sheriff was asked, "What statements did he (Veach) make to you . . . concerning this crime that had been committed and other persons who had been involved?" The sheriff testified that Veach said ". . . he and Lawrence Price were together on that night (when the crime was committed) and Lawrence Price was with him and that they met the two Wilson boys at Three-Point, north of Williamsburg, and then he later retracted it about Price being with him and said he was by himself; that he went into the house by himself and didn't want to involve anybody else in it."

Price urges that the court erred in admitting this testimony, that it was obtained by coercion, and that the court should not have overruled an objection to its admission without first determining its competency outside the presence of the jury. When the sheriff testified concerning Veach's implication of Price and Wilson, there was only one objection; it was by Veach's counsel, was general, and was overruled. After the sheriff concluded his direct testimony, *Veach's* lawyer renewed his previous motion to exclude all of the sheriff's testimony. However, neither Price nor his counsel objected to the sheriff's testimony nor did they ever move the court for a hearing on the admissibility of the sheriff's testimony. Wilson and his attorney also remained silent at this time.

This court follows the general rule that failure to make a proper and timely objection to the introduction of evidence generally constitutes a waiver.[1] Higdon v. Com., Ky., 473 S.W.2d 110 (de-

---

1. The rule is inapplicable to capital punishment cases. Smith v. Com., Ky., 366 S.W.2d 902 (1963).

cided November 19, 1971). In order to effectuate an objection ". . . it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court . . ." RCr 9.22. Consolidated prosecutions are controlled by RCr 9.12 which states "The procedure shall be the same as if the prosecution were under such single indictment or information." Thus, where two or more defendants are being tried together, it is incumbent upon each party to timely make the court aware of his objection to any of the proceedings. This may be done on behalf of one of the parties or jointly on behalf of others, but the court must be informed of the position taken by a party or he cannot later complain. Arnold v. Com., Ky., 433 S.W.2d 355 (1968); 88 C.J.S. Trial § 132, p. 266. Price failed to make his position known, therefore he did not take appropriate action to preserve this issue for appellate review. Spainhoward v. Com., Ky., 447 S.W. 2d 602 (1969).

■ We now reach the issue of the sufficiency of evidence to sustain the conviction. Price was aware that Ball was a hospital patient when the breaking occurred. Ball had dated Price's sister and Price and Wilson had been frequent visitors in Ball's home and were familiar with his possesions. Later in November 1970, Price and Veach, while together, were arrested for public intoxication. Veach also was charged with reckless driving. On a search incident to their arrest, some money that matched the description of Ball's missing collection was found on Veach's person. Ball testified that when he visited Price and Veach in jail they each told him they had nothing to do with the burglary, that a boy named Gallager committed the offense. The evidence showed that later Veach made the confession to the sheriff, which we have already related. No other evidence was produced connecting Price with the crime.

We hold that appellant's motion for a directed verdict should have been sustained as this evidence was insufficient to support a conviction. Hodges, Jr. v. Com., Ky., 473 S.W.2d 811 (decided September 24, 1971), as modified on petition for rehearing rendered December 3, 1971. If upon another trial the evidence is substantially the same, the court will then direct a verdict of acquittal.

The judgment is reversed for a new trial consistent herewith.

All concur.