Karen BROWN, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

No. 87–SC–83–MR.

Supreme Court of Kentucky.

Nov. 30, 1989.

Marie Allison, Asst. Public Advocate, Dept. of Public Advocacy, Frankfort, for appellant.

Frederic J. Cowan, Atty. Gen., Valerie L. Salven, Asst. Atty. Gen., Criminal Appellate Div., Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a judgment based on a jury verdict which convicted Brown of murder and sentenced her to life in prison without benefit of parole for 25 years.

The questions presented are whether the trial court committed reversible error by failing to suppress her entire statement and by failing to exclude the physical evidence obtained as a result of that statement; whether it was reversible error to deny a mistrial following the arrest of a juror between the guilty and penalty phases of the trial; whether the procedure used in regard to peremptory challenges was error; whether the failure to excuse for cause a prospective juror was error; whether it was error to permit witnesses to testify that they believed the defendant was involved in the murder; whether separate trials should have been held; whether the prosecutor presented improper questions on direct examination; whether the victim impact statements should have been excluded; whether it was reversible error to lock the court room doors during the trial; and whether the Instruction No. 14 regarding the aggravating factor was improper.

Brown and her codefendant, Turpin, were charged with capital murder in regard to the stabbing death of Turpin's husband allegedly pursuant to an agreement between Turpin and Brown to have the actual killer murder the husband so that they might receive money from life insurance proceeds as a result of the death. The killer pled guilty and received a life sentence. He testified against both Turpin and Brown at their joint trial.

■ It was not reversible error for the trial judge to refuse to suppress statements made by Brown before she requested an attorney. The trial judge suppressed that part of Brown's statement made after her request for counsel. At the beginning of the interview, Brown was advised of her *Miranda* rights and told that she had a right to a lawyer if she could not afford one. She was not at that time under arrest. Brown did not testify at the suppression hearing and the testimony of the police was unrefuted. She was not placed under arrest when the police visited her apartment and informed her they wanted to talk to her. She voluntarily went to the police headquarters and was not subject to custodial interrogation. It was also not error to fail to exclude the physical evidence.

■ The trial judge did not abuse his discretion in refusing to grant a mistrial following the arrest of a juror between the guilt and penalty phases of the trial. After the jury had entered its verdict with regard to guilt and during a weekend recess, one of the jurors was arrested on a felony charge of conspiracy to promote gambling. The two alternate jurors had already been excused from service because the guilt phase had been completed. Brown's counsel expressed concern because the juror would now have a reason to curry favor with the prosecution. The Commonwealth indicated that it would disqualify itself and a special prosecutor would be sought.

When questioned by Brown's counsel regarding possible favoritism, the juror said "I don't take it as a favor. I guess you could take it as a favor." No bias in favor of the prosecution can be inferred from such a statement. The juror informed his

fellow jurors of his arrest and asked them if their views towards him would be different. Each person replied that it would not affect them. The trial judge questioned all the members of the jury individually and concluded that the penalty phase of the trial could be decided by the same jury without prejudice to the defendant.

■ The procedure used by the trial judge in regard to peremptory challenges was not reversible error. The trial judge gave the defendants a total of twelve peremptory challenges between them. Brown did not join in Turpin's motion to submit a separate list of jurors. RCr 9.40 provides that if the offense charged is a felony, the prosecution is entitled to five peremptory challenges and the defendant or defendants jointly to eight peremptory challenges. If one or two additional jurors are called, the number of peremptory challenges allowed by each side shall be increased by one. If more than one defendant is being tried, the court may, at its discretion, allow additional peremptory challenges to each defendant. Here the Commonwealth received six peremptory challenges and the defendants received jointly twelve challenges. Brown was not prejudiced in any way by the decision of the trial judge to give a total of twelve peremptory challenges. The U.S. Supreme Court has long recognized that peremptory challenges are not of constitutional dimension. *Ross v. Oklahoma*, 487 U.S. 81, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988). Brown was not denied any state or constitutional right with regard to peremptory challenges.

The trial judge did not abuse his discretion in refusing to excuse one prospective juror for cause because throughout the questioning the juror said he could base his verdict solely on the evidence. Unless the action of the trial judge is clearly an abuse of discretion, it should not be reversed on appeal. *Scruggs v. Commonwealth*, Ky., 566 S.W.2d 405 (1978) cert. den. 439 U.S. 928, 99 S.Ct. 314, 58 L.Ed.2d 321. The juror did not serve.

■ Brown did not properly preserve for appellate review the issue she now presents regarding the questioning of wit-

nesses. Brown claims that this issue is preserved because the codefendant Turpin objected with respect to witness Elliott. She maintains that there was no need to object to the questioning of the other witnesses because it would have been futile. The objection of an attorney for one codefendant will not be deemed to be an objection for the other codefendant unless counsel has made it clear that in making the objection it is made for both defendants. *Price v. Commonwealth*, Ky. 474 S.W.2d 348 (1971); *Ross v. Commonwealth*, Ky. App., 577 S.W.2d 6 (1977). Turpin's counsel did not state that the objection was made in behalf of both codefendants and counsel for Brown did not join in the objection. Consequently this issue is not properly preserved with respect to Brown. No objection was made by either defendant with respect to the questioning of witnesses Gray or Revo. Brown cannot now complain that this matter should be reviewed. RCr 9.22.

It was not reversible error for the trial judge to deny separate trials to Brown and her codefendant. Separate trials are required pursuant to RCr 9.16 only when it appears that a defendant or the Commonwealth is or will be prejudiced by a joinder of the offenses or defendants at trial. Severance is a matter of judicial discretion and the allegations that there are antagonistic defenses is only one of the factors for the trial judge to consider. *McQueen v. Commonwealth*, Ky., 721 S.W.2d 694 (1986) cert. den. 481 U.S. 1059, 107 S.Ct. 2203, 95 L.Ed.2d 858. The decision of a trial judge in such a situation will not be reversed unless the reviewing court is "clearly convinced that prejudice occurred and that the likelihood of prejudice was so clearly demonstrated that failure to grant severance was an abuse of discretion." *Rachel v. Commonwealth*, Ky., 523 S.W.2d 395 at 406 (Ky.1975).

There was no reversible error in regard to the method of questioning prosecution witness Bouchard. At trial, counsel for Brown stated during a bench conference that he was going to object to leading questions by the prosecutor. The trial

judge then admonished the prosecutor not to lead the witness. The trial judge sustained defense counsel's objections to leading questions, and Brown did not request any further relief. There was no reversible error. *Humphrey v. Commonwealth,* Ky., 442 S.W.2d 599, 601 (1969).

Brown was correctly sentenced pursuant to Kentucky law and the question of victim impact statements was not properly preserved for appellate review. It does not amount to palpable error or a manifest injustice pursuant to RCr 10.26. The jury which recommended the sentence which Brown ultimately received was not exposed to the victim impact statements of which she now complains. The crucial difference between *Booth v. Maryland,* 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987) and this case is that the jury in Booth considered the victim impact statements during the sentencing phase of the trial. Kentucky's victim impact statement, K.R.S. 421.520(3) provides that the statement is presented to the judge and not to the sentencing jury.

Brown's complaint that after admission of the public the court room doors were locked while the trial was in progress was not properly preserved for appellate review. RCr 9.22. Even alleged constitutional questions may be waived if they are not presented to the trial judge. *Payne v. Commonwealth,* Ky., 623 S.W.2d 867 (1981) cert. den. 456 U.S. 909, 102 S.Ct. 1758, 72 L.Ed.2d 167 (1982). The authorities cited by Brown involve situations where the defendants raised timely objections before the trial judge. In this case no timely objection was made. The issue was not properly preserved and there is no basis for invoking any palpable error rule pursuant to RCr 10.26 because there was no manifest injustice.

The instruction regarding the aggravating factor which was patterned after K.R.S. 532.025(2)(a)(4) was correct. The statute requires a finding that the offender committed the offense of murder for himself or another for the purpose of receiving money or any other thing of monetary value, or for other profit. Brown argues that

this permitted the jury to find the aggravating circumstance if her purpose in the murder was unrelated to herself being the recipient of some benefit. Brown's argument that the statute is ambiguous is unconvincing. The testimony indicated that Brown offered the killer from $2,000 to $10,000 for the murder. She said that the money would come from the deceased's life insurance. There was proof that Brown was involved in this murder for the purpose of monetary gain and other profit. The fact that the insurance policy on the victim's life was not directly payable to her does not mean that she did not intend to share in the proceeds.

The judgment of the trial court is affirmed.

All concur, except LEIBSON, J., who concurs in result only.