**Lawrence FARLER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 92–CA–001307–MR.**

Court of Appeals of Kentucky.

March 11, 1994.

As Modified May 27, 1994.

Discretionary Review Denied by Supreme Court Aug. 24, 1994.

Franklin P. Jewell, Louisville, for appellant.

Chris Gorman, Atty. Gen., Dina Abby Jones, Asst. Atty. Gen., Frankfort, for appellee.

Before LESTER, C.J., and JOHNSON and SCHRODER, JJ.

*OPINION*

SCHRODER, Judge:

This is a direct appeal from a judgment convicting appellant of two counts of sexual abuse first degree and one count of sexual abuse second degree. After reviewing appellant's arguments and the record herein, we affirm.

Appellant, Lawrence Farler, was indicted by the Franklin County Grand Jury in April 1991 on eight counts of various sexual offenses. On the day of trial, three counts were dismissed and two others were continued. Appellant was tried on the remaining three counts—two counts of first-degree sodomy and one count of second-degree sodomy. All the charges involved appellant's sexual contact with his female cousin, P.F., who had regularly visited and stayed with appellant's family. Appellant was born on April 22, 1965, and P.F.'s day of birth was March 2, 1975. The indictment alleged that the sexual contact occurred from April 22, 1983 until March 2, 1987, when appellant was 18–22 years old and P.F. was 8–12 years old. After a jury trial, appellant was convicted of two counts of sexual abuse first degree and one count of sexual abuse second degree. He was sentenced to five years on each count of sexual abuse first degree to be served consecutively, and twelve months on the count of sexual abuse second degree, to be served concurrently. From that judgment, Farler now appeals.

▪ The first issue raised by appellant is that the trial court erred in failing to suppress a statement made by appellant to police before he was informed of his *Miranda* rights. When first investigating the offenses, the police spoke to P.F., her mother and her teacher. Subsequently, Detective Starks and Detective Brumfield went to appellant's residence and asked to speak to him. Appellant agreed and suggested they go in his family's home. Detective Starks suggested that, instead, they talk privately in his police cruiser, away from appellant's family members. Appellant agreed and got in the passenger's side of the back seat. Detective Starks testified that the door to the cruiser was open during questioning, while

appellant testified that it was closed. The detectives began questioning appellant about the allegations against him and appellant admitted having sexual contact with P.F., but maintained that such contact stopped when he was age 17. Appellant then agreed to give the detectives a recorded statement to that effect. On the tape, appellant explicitly stated that no threats or promises had been made to him and that his statement was voluntary. He further stated that he had no objections to the questions by the detectives since it was just between the three of them. When Detective Starks explained that the statement would have to be turned over to higher authorities, appellant stated he understood that and had no problem with that. At trial, appellant testified that the statement was involuntary because he just said what the detectives wanted to hear so he could go.

Later that day, appellant was arrested and read his *Miranda* warnings. Subsequently, appellant gave the same statement to authorities. However, said statement was not recorded. At trial, the recorded statement was admitted over appellant's objection. Appellant argued that the statement should not have been admitted because he was not read his rights.

■ *Miranda* warnings are necessary when the defendant is the subject of custodial interrogation by authorities. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). In interpreting *Miranda, supra*, the United States Supreme Court has held that a defendant is "in custody" when there has been a restriction on that person's freedom such that he is in a coercive environment. *Oregon v. Mathiason*, 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977). In *California v. Beheler*, 463 U.S. 1121, 103 S.Ct. 3517, 77 L.Ed.2d 1275 (1983), the Court held that *Miranda's* protections apply only if the defendant is under formal arrest or there is a restraint on the defendant's freedom of the degree associated with a formal arrest. In *Mathiason, supra*, and *Beheler, supra*, both defendants voluntarily went to the police station for questioning and gave a statement. The defendants were then told they were free to go and that their case would be referred to the district attorney for possible prosecution. The Supreme Court upheld the admission of both pre-arrest statements on grounds that the defendants were not under custodial interrogation when they gave their statements. The Supreme Court later held in *Berkemer v. McCarty*, 468 U.S. 420, 442, 104 S.Ct. 3138, 3151, 82 L.Ed.2d 317 (1984), that the test for determining whether the interrogation is custodial is how a reasonable man in the defendant's position would have understood the situation.

■ Appellant argues that the correct test for determining when *Miranda* warnings are required was that espoused in *Wills v. Commonwealth*, Ky., 502 S.W.2d 60 (1973) and *Skaggs v. Commonwealth*, Ky., 694 S.W.2d 672 (1985). Those cases held that once an investigation has focused upon the defendant, he is entitled to *Miranda* warnings before questioning. However, in our opinion, those cases can be distinguished on their facts from the case at bar. In *Skaggs, supra*, the defendant was read his rights prior to interrogation and the giving of his statements. The defendant in *Wills, supra*, was unquestionably not in custody at the time of questioning. The same can be said for *Grooms v. Commonwealth*, Ky., 756 S.W.2d 131 (1988) which also applied the "focus of investigation test." In that case, the defendant was also unquestionably not in custody and was merely being asked for information about the crime. Furthermore, *Wills*, in its reasoning, relied on *Wilson v. Commonwealth*, Ky. 476 S.W.2d 622 (1971), wherein the defendant was read his rights prior to questioning. Both *Wilson, supra*, and *Skaggs, supra*, rely heavily on *Jasper v. Commonwealth*, Ky., 471 S.W.2d 7 (1971), wherein the Court found that the defendant had been read his rights and which first enunciated the "focus of investigation" test under the authority of *Escobedo v. Illinois*, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). However, *Escobedo, supra*, was pre-*Miranda*. While *Miranda* did consider whether the suspect was the focus of an investigation, "*Miranda* implicitly defined 'focus' for its purposes, as 'questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.' " *Beckwith v. United*

*States,* 425 U.S. 341, 96 S.Ct. 1612, 48 L.Ed.2d 1 (1976). As the Court held in *Mathiason, supra:*

> [P]olice officers are not required to administer *Miranda* warnings to everyone whom they question. Nor is the requirement of warnings to be imposed simply because the questioning takes place in the station house, or because the questioned person is one whom the police suspect.

*Id.* 429 U.S. at 495, 97 S.Ct. at 714.

In the most recent case in Kentucky on the subject, *Brown v. Commonwealth,* Ky., 780 S.W.2d 627 (1989), the Court did not apply the "focus of investigation" test in upholding the defendant's statements to police. The Court reasoned as follows:

> [The defendant] was not at that time under arrest.... She was not placed under arrest when the police visited her apartment and informed her they wanted to talk to her. She voluntarily went to the police headquarters and was not subject to custodial interrogation.

*Id.* at 628.

In the present case, as in *Mathiason* and *Beheler,* the appellant voluntarily agreed to questioning by authorities. Appellant and Detective Starks both testified that Starks *asked* appellant if he would talk to him. There was no mention of the detectives in any way forcing or even pressuring appellant to speak with them. Further, we do not see the fact that the questioning took place in the police cruiser as being material. There was no restraint on appellant's freedom while in the car and the environment was not coercive. After appellant gave his statement, he left freely and was arrested later that day. During his recorded statement, appellant stated that he did not mind answering the detective's questions. He explicitly stated that no threats or promises were made and that his statement was voluntary. In our opinion, appellant was not in custody when his statement was given and, thus, *Miranda* warnings were not necessary.

■ Even if the statement had been improperly admitted, we do not believe it would constitute reversible error in this case. Appellant's subsequent identical statement given with the benefit of *Miranda* warnings was also admitted at trial, although it was not a recorded statement. In addition, appellant admitted at trial that sexual contact with P.F. occurred when he was seventeen years of age. Contrary to appellant's position, the subsequent statement to police could not be tainted by the prior statement, since he was fully informed of his rights at that time. *Grooms v. Commonwealth,* 756 S.W.2d 131 (1988); *Smith v. Commonwealth,* Ky., 722 S.W.2d 892 (1987).

■ The remaining issue raised by appellant is that the trial court erred in refusing to grant his motion for directed verdict on grounds that the evidence failed to establish that the appellant was of majority age when two of the sexual offenses occurred. As to the sexual acts alleged, P.F. testified that they occurred when she was five until she was thirteen or fourteen. Appellant maintains that as to the two counts of sexual abuse first degree which apply to acts occurring before P.F. was twelve years of age, there was no evidence that the acts occurred specifically when she was between eight and twelve years old and appellant was over the age of eighteen. It is appellant's position that the evidence failed to establish that he was not a juvenile when the offenses occurred. Appellant testified at trial that the sexual contact occurred when he was seventeen, and in his recorded statement he maintained that the contact occurred from age fourteen to seventeen. P.F. testified that the sexual contact started at her age five and continued until she was thirteen or fourteen. She further testified that all of the sexual acts alleged occurred both before and after her age twelve and that all acts occurred after appellant was age eighteen. Appellant argues that because P.F. could not specifically tell what dates the offenses occurred after her age eight (when appellant was eighteen and over), there was not sufficient evidence that he was an adult when the offenses occurred. We do not agree.

■ A defendant is not entitled to a directed verdict if, under the evidence as a whole, it would not be clearly unreasonable for a jury to find the defendant guilty. *Yarnell v. Commonwealth,* Ky., 833 S.W.2d 834

(1992); *Commonwealth v. Benham*, Ky., 816 S.W.2d 186 (1991). By P.F. testifying that all sexual contact occurred before her age twelve and after appellant's age eighteen, that was sufficient evidence that the two offenses occurred between April 22, 1983 and March 2, 1987, such that a jury could find appellant guilty. In our view, it was not necessary that P.F. give specific dates that the offenses occurred. It would be wholly unreasonable to expect a child of such tender years to remember specific dates, especially given the long time period over which the abuse occurred.

For the reasons stated above, the judgment of the Franklin Circuit Court is hereby affirmed.

LESTER, C.J., concurs.

JOHNSON, J., concurs in result only.