Billy Wayne LITTLE, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 1997–CA–003007–MR.

Court of Appeals of Kentucky.

Jan. 29, 1999.

Discretionary Review
Denied by Supreme Court June 9, 1999.

Mark Wettle, Louisville, KY, for Appellant.

A.B. Chandler III, Attorney General, Christopher M. Brown, Assistant Attorney General, Frankfort, KY, for Appellee.

Before BUCKINGHAM, JOHNSON and KNOX, Judges.

*OPINION*

JOHNSON, Judge.

Billy Wayne Little (Little) appeals from the judgment of the Bath Circuit Court entered on October 21, 1997, that convicted him of incest (Kentucky Revised Statutes (KRS) 530.020) and persistent felony offender in the second degree (KRS 532.080(2)). Little entered a conditional guilty plea pursuant to Kentucky Rules of Criminal Procedure (RCr) 8.09 and has appealed the circuit court's denial of his motion to suppress evidence based on his claim that his *Miranda*[1] rights were violated. We affirm.

On February 24, 1997, Kentucky State Police Detective Matt Sparks (Det.Sparks) drove his police cruiser to Little's home to investigate allegations of sexual abuse made by Little's daughter. When Little came outside, Det. Sparks identified himself as a police officer, explained the purpose of his visit and informed Little of the allegations that Little's daughter had made. Det. Sparks then told Little that he wanted to ask Little some questions, but explained that Little was not under arrest, did not have to speak with him and could leave at any time. However, Det. Sparks did not advise Little of his constitutional right to remain silent. After Little agreed to talk, Det. Sparks interviewed Little in the front seat of the police cruiser. In the interview, taped by Det. Sparks, Little admitted having sex with his own daughter.

Following the confession, Little was indicted on one count of incest, and one

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

count of being a persistent felony offender in the second degree. Little moved to suppress the confession, claiming that as the "focus of the investigation", he should have been informed of his rights prior to questioning. Following a hearing, the circuit court denied the motion, holding that Little had not been in custody, thus negating the need to inform him of his rights pursuant to *Miranda*. Little then entered a conditional plea of guilty to both charges, reserving the right to challenge the circuit court's suppression ruling. Little received a prison sentence of ten years. This appeal followed.

Little argues that the Supreme Court of Kentucky has in numerous decisions recognized that the so-called *Miranda* rights must be read to a defendant once the defendant has become the "focus of the investigation." Little argues that the Supreme Court has repeatedly invoked the "focus of the investigation" test, first enunciated in *Escobedo v. Illinois*, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), in decisions such as *Grooms v. Commonwealth*, Ky., 756 S.W.2d 131, 140–141 (1988), *Skaggs v. Commonwealth*, Ky., 694 S.W.2d 672, 677 (1985), *Wills v. Commonwealth*, Ky., 502 S.W.2d 60, 63 (1973), and *Jasper v. Commonwealth*, Ky., 471 S.W.2d 7, 9 (1971). While Little acknowledges that this Court in *Farler v. Commonwealth*, Ky.App., 880 S.W.2d 882 (1994), addressed this issue and reached the conclusion that *Miranda* rights are required only when a defendant is in custody, he argues that *Farler* conflicted with Supreme Court precedent, and thus, was incorrectly decided. In *Farler*, this Court stated as follows:

> While *Miranda* did consider whether the suspect was the focus of an investigation, "*Miranda* implicitly defined 'focus' for its purposes, as 'questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.'" *Beckwith v. United States*, 425 U.S. 341, 96

S.Ct. 1612, 48 L.Ed.2d 1 (1976). As the Court held in [Oregon v. ] *Mathiason, supra [*429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977)]

> [P]olice officers are not required to administer *Miranda* warnings to everyone whom they question. Nor is the requirement of warnings to be imposed simply because the questioning takes place in the station house, or because the questioned person is one whom the police suspect.

*Id.* 429 U.S. at 495, 97 S.Ct. at 714.

*Id.* at 884–885.

While we agree with Little that our Supreme Court has never explicitly rejected the "focus of the investigation" test in favor of the "in custody" test, we believe that recent Supreme Court decisions have had the effect of adopting the "in custody" test. Subsequent to *Farler*, the Supreme Court in *Wells v. Commonwealth*, Ky., 892 S.W.2d 299, 302 (1995), stated: "*Miranda v. Arizona* requires the express declaration of a defendant's rights prior to custodial interrogation. Otherwise suppression is the remedy." More recently, in *Hourigan v. Commonwealth*, Ky., 962 S.W.2d 860, 864 (1998), the Supreme Court stated that "[b]ecause Appellants were not in custody, they were not entitled to be given *Miranda* warnings."

The approach followed by the Supreme Court of Kentucky in *Wells* and *Hourigan* is consistent with the approach followed by the United States Supreme Court in *Stansbury v. California*, 511 U.S. 318, 114 S.Ct. 1526, 128 L.Ed.2d 293, 298 (1994). The Court stated:

> We held in *Miranda* that a person questioned by law enforcement officers after being "taken into custody or otherwise deprived of his freedom of action in any significant way" must first "be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or ap-

pointed." 384 U.S., at 444, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974. *Stansbury,* 511 U.S. at 322, 114 S.Ct. at 1528, 128 L.Ed.2d at 298.

While *Escobedo* used the phrase "focus of the investigation" and while the Supreme Court of Kentucky in *Grooms, Skaggs, Wills,* and *Jasper* continued to use this phrase subsequent to *Miranda,* we believe that the decision of this Court in *Farler* and the subsequent Supreme Court cases of *Wells* and *Hourigan* clearly demonstrate that the rule followed in Kentucky is whether the suspect is "in custody" and not whether he is the "focus of the investi-gation." Since Little was not in custody when he made incriminating statements to the police, he was not entitled to be given *Miranda* warnings. The trial court was correct in denying the motion to suppress, and accordingly, the judgment is affirmed.

ALL CONCUR.