# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: AUGUST 23, 2007
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

## 2005-SC-000728-MR

JAMES ERIC DALTON                                                APPELLANT

V.

ON APPEAL FROM McCRACKEN CIRCUIT COURT
HONORABLE CRAIG Z. CLYMER, JUDGE
NO. 04-CR-00156-002

COMMONWEALTH OF KENTUCKY                                        APPELLEE

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

James Eric Dalton and Michael Gaines were jointly tried and convicted of first-degree robbery. Dalton was also found to be a second-degree persistent felony offender and sentenced to an enhanced term of twenty years' imprisonment. Dalton brings this appeal, raising as his sole issue the contention that the trial court erred in failing to grant a mistrial after a juror revealed overhearing Gaines's mother tell a prospective juror that one of the defendants was her son and "that's what drugs will do to you." We affirm because we conclude that Dalton has failed to preserve this issue for appellate review or otherwise demonstrate error in the trial proceeding.

## I. FACTS.

Dalton and Gaines admitted that they robbed Taco John's restaurant, and they were charged with first-degree robbery. The case went to trial because they had used a toy gun to commit the robbery; and they sought, at most, to be convicted of second-

degree robbery, which has a lesser penalty than first-degree robbery. First-degree robbery requires for conviction the additional element of possession of a deadly weapon or the use of a dangerous instrument.

Police Sergeant Mike Weaver testified at trial that Dalton immediately confessed his involvement in the robbery. Dalton told Weaver that he put the "gun" to the restaurant manager's head and demanded that she give him the money. Dalton also admitted ordering two other restaurant employees into the walk-in cooler and blocking the cooler door to keep them there. According to Dalton's statement to Weaver, the manager retrieved the money as instructed and put it in a bag for Dalton, who then fled the scene and dropped the "gun" by a nearby trailer. Sergeant Weaver also testified that he interviewed Gaines, who admitted using a toy gun in the robbery and carrying the money out of the store.

Sergeant Weaver also testified that he found the toy gun near the trailer where Dalton had stated he threw it. Dalton's counsel asked Weaver on cross-examination whether Dalton had appeared intoxicated to him. Weaver testified that he did not recall thinking that Dalton was intoxicated.

After a lunch break following Weaver's testimony, the trial court announced that a juror had reported overhearing the mother of one of the two defendants talking to a prospective juror—who was not selected to hear the case—in the restroom and the mother saying something to the effect of "that's what drugs will do to you." The trial court then conducted a hearing on the allegations.

Gaines's mother, Joyce McKinney, admitted to the trial court that she had spoken to a prospective juror, "a friend of a friend," in the restroom during a break in the trial.

2

McKinney had asked the prospective juror whether she recognized her and whether she realized that Gaines was McKinney's son. The prospective juror replied that she was unaware of the relationship and stated, "I'm sorry." McKinney then told the prospective juror "that's what drugs will do to you."

The trial court called the juror who had reported overhearing the conversation and asked her about her recollections of the conversation in the restroom. This juror reported seeing McKinney walk up to the prospective juror and hearing her ask if she realized that one of the defendants was her son. The juror did not know which defendant was McKinney's son. The juror then recalled that McKinney told the prospective juror that "he" [presumably referring to McKinney's son] knew what he was getting into and could not get out of it and that "that's what drugs will do to you." The juror then stated that overhearing this conversation was "not going to affect my thinking process." She was then asked whether any other jurors had been present in the restroom when the conversation occurred.

The juror then identified a second juror who had been present in the restroom at the same time. This second juror was then called in by the trial court. The second juror recalled McKinney talking about one of the defendants being her son but stated she had not heard anything else. The trial court then called the rest of the jurors into the courtroom to ask if any of them had witnessed a conversation about the case in a restroom during a break. None of the other jurors reported hearing anything about the case in a restroom.

The trial court then instructed the two jurors who had overheard the conversation in the restroom to "put out of your minds what you heard" and to "not consider it." The

3

court further asked the two jurors if what they heard would make any difference to them. They replied that it would not.

The trial court then called the attorneys to the bench for a conference. Gaines's counsel requested a mistrial because of the prejudicial effects of a juror overhearing the reference to drugs, never specifically stating that Dalton joined in her motion. The Commonwealth argued against a mistrial. Dalton's counsel neither joined in the motion for a mistrial nor objected to the court's handling of the dustup over the restroom conversations. The trial court denied the motion for a mistrial, stating it was not even sure that the reference to drug use would be prejudicial and the trial continued.

At the conclusion of the evidence, the jury was instructed on both first-degree robbery and second-degree robbery. The jurors found both Dalton and Gaines guilty of first-degree robbery, and they found Dalton guilty of being a second-degree persistent felony offender. The jury recommended a sentence of twelve years' imprisonment for Dalton for first-degree robbery, enhanced to twenty years' imprisonment for second-degree persistent felony offender. The trial court then entered its judgment in accordance with the jury's verdict.

## II. ANALYSIS.

### A. Dalton Failed to Preserve this Issue for Review.

As the Commonwealth correctly points out, Dalton failed to join in his co-defendant's motion for a mistrial or to otherwise make an objection to the trial court's handling of the problem of contact occurring between Gaines's mother and jurors in the restroom. So Dalton has failed to preserve this issue for review.

4

We have held that a co-defendant's objection does not preserve an issue for review for an appellant who fails to demonstrate on the record that he has joined in the objection:

> "[O]bjection of [an] attorney for one [co-defendant] will not be deemed to be [an] objection for other [co-defendants] unless *counsel has made it clear* that in making [an] objection it is made for both defendants." The fact that co-defendant's counsel made an objection on the issue of which Appellant seeks review is unavailing.[1]

We have further explained that:

> [W]here two or more defendants are being tried together, it is incumbent upon each party to timely make the court aware of his objection to any of the proceedings. This may be done on behalf of one of the parties or jointly on behalf of others, but the court must be informed of the position taken by a party or he cannot later complain.[2]

So Dalton has not properly preserved the issue for appellate review. And in light of the fact that Dalton admitted his involvement in the robbery, we cannot find that his conviction reflects a "manifest injustice" resulting from any error, meaning that he is not entitled to relief for palpable error under Kentucky Rules of Criminal Procedure (RCr) 10.26.

### B. Even if Issue Were Preserved, Dalton Would Not Be Entitled to Relief on Appeal.

In any event, we note that the trial court admonished the jurors who heard conversations relating to the case in the restroom to put these conversations out of their minds and not to consider them in their deliberations. This admonition is presumed to cure the error, if any.[3] And in light of the fact that the issue at trial was whether the

---

[1] Rice v. Commonwealth, 199 S.W.3d 732, 738 (Ky. 2006) (emphasis added) (*quoting* Brown v. Commonwealth, 780 S.W.2d 627, 629 (Ky. 1989) (footnote omitted)).

[2] *Id.* (*quoting* Price v. Commonwealth, 474 S.W.2d 348, 350 (Ky. 1971)).

[3] Johnson v. Commonwealth, 105 S.W.3d 430, 441 (Ky. 2003).

robbery victims perceived the toy gun to be a real gun, the overheard comment concerning drug use was not "devastating" to Dalton, nor was it "inflammatory" or "highly prejudicial." No valid exception to the general efficacy of the presumption of cure applies here.[4]

Since the admonition cured any potential error, the trial court did not err in denying the motion for mistrial. Thus, Dalton is not entitled to relief on appeal.

## III. CONCLUSION.

For the foregoing reasons, the judgment of the circuit court is affirmed.

All sitting. Lambert, C.J.; Cunningham, Minton, Noble, Schroder, and Scott, JJ., concur.

---

[4] *Id.* ("There are only two circumstances in which the presumptive efficacy of an admonition falters: (1) when there is an overwhelming probability that the jury will be unable to follow the court's admonition *and* there is a strong likelihood that the effect of the inadmissible evidence would be devastating to the defendant, or (2) when the question was asked without a factual basis *and* was 'inflammatory' or 'highly prejudicial.'") (citations omitted).

COUNSEL FOR APPELLANT:

Karen Maurer
Assistant Public Advocate
Department of Public Advocacy
100 Fair Oaks Lane, Suite 302
Frankfort, KY 40601


COUNSEL FOR APPELLEE:

Gregory D. Stumbo
Attorney General of Kentucky

Todd D. Ferguson
Assistant Attorney General
Office of Attorney General
Criminal Appellate Division
1024 Capital Center Drive
Frankfort, KY 40601-8204